UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

XIANG LI,

                       Plaintiff,

        -against-                                   5:12-CV-1427 (LEK/DEP)

JOHN DUNCAN; CRAIG BENEDICT;
and the U.S. ATTORNEY'S OFFICE FOR
THE NORTHERN DISTRICT OF NEW
YORK,[1]

                       Defendants.

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

*Pro se* Plaintiff Xiang Li ("Plaintiff") filed a Complaint in New York Supreme Court alleging various torts against Defendants John Duncan ("Duncan"), Craig Benedict ("Benedict"), and the U.S. Attorney's Office for the Northern District of New York ("USAO") (collectively, "Defendants"). Dkt. No. 1 at 6-10 ("Complaint"). Defendants timely removed this action to the Court under 28 U.S.C. § 1442(a)(1). Dkt. No 1 at 1-5. Now before the Court are Plaintiff's Motion to remand to New York Supreme Court and Defendants' Motion to dismiss. Dkt. Nos. 8 ("Motion to Remand"); 10 ("Motion to Dismiss"). For the following reasons, the Court denies Plaintiff's Motion to Remand and grants Defendants' Motion to Dismiss.

**II.    BACKGROUND**

The parties are presumed to be familiar with the background of this case as set forth in the

---

[1] Plaintiff named the "U.S. District Attorney's Office in Syracuse." Because no such entity exists, and based on Plaintiff's filings, the Court presumes Plaintiff intended to name the U.S. Attorney's Office for the Northern District of New York. The Clerk is directed to amend the caption accordingly.

Court's prior Order dismissing Plaintiff's claims insofar as they had any basis in federal civil rights law and declining to exercise pendent jurisdiction to the extent the claims arose under state law. See Duncan v. Li, No. 10-CV-0802, 2011 WL 2432915 (N.D.N.Y. Apr. 18, 2011), approved and adopted, 2011 WL 2432924 (N.D.N.Y. June 16, 2011) (Kahn, J.). In short, a jury convicted Plaintiff of eleven counts of transmitting death threats in violation of 8 U.S.C. § 875, and he was sentenced to 114 months in prison. Id. at *1. Executive Assistant U.S. Attorney Duncan and Assistant U.S. Attorney Benedict were the prosecutors at Plaintiff's trial. Id. Plaintiff is suing Duncan and Benedict for defamation (both libel and slander), intentional infliction of emotional distress, and *prima facie* tort related to the trial. Compl. He is also suing the USAO for negligence in hiring, retaining, and supervising Duncan and Benedict. Id.

### III. MOTION TO REMAND

Plaintiff's Motion to Remand argues that removal was improper because no federal question is presented as required by 28 U.S.C. § 1441. See Mot. to Remand. Plaintiff would be correct had Defendants attempted to invoke that removal provision; however, Defendants removed under § 1442, which, as relevant here, permits any agency or officer of the United States to remove any civil or criminal action against them "for or relating to any act under color of such office" to the local federal court. 28 U.S.C. § 1442(a)(1). This provision "allows 'suits against federal officers [to] be removed despite the nonfederal cast of the complaint' and reflects a congressional policy that 'federal officers, and indeed the Federal Government itself, require the protection of federal forum.'" Kircher v. Putnam Funds Trust, 547 U.S. 633, 644 n.12 (quoting Jefferson County v. Acker, 527 U.S. 423, 431 (1999); Willingham v. Morgan, 395 U.S. 402, 407 (1969)).

To remove, a federal officer must show: (1) a colorable federal defense; and (2) a causal

connection between the charged conduct and asserted official authority. Acker, 527 U.S. at 431. Here, Defendants raise numerous colorable federal defenses, and their complained-of conduct occurred during while performing their official duties. See Dkt. No. 10-1 ("Memorandum"); Willingham, 395 U.S. at 409 ("The [causal] connection consists, simply enough, of the undisputed fact that [the removing federal officers] were on duty, at their place of federal employment, at all the relevant times."). Therefore, Defendants' removal was proper, and Plaintiff's Motion to Remand is denied.

## IV. MOTION TO DISMISS

Defendants move to dismiss Plaintiff's Complaint on several grounds. Mem. Because the first ground, lack of jurisdiction, is sufficient, the Court does not address the remaining grounds.

Ordinarily, the United States enjoys sovereign immunity from suit. See, e.g., Liranzo v. United States, 690 F.3d 78, 83-84 (2d Cir. 2012). The Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity that allows the United States to be sued for certain torts as if it had been a private party. Id. at 83. The FTCA's "remedy against the United States" for damages "arising from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding against the employee." 28 U.S.C. § 2679(b)(1). Where, as here, the USAO certifies that its employees were acting within the scope of their employment at all times relevant to a complaint, "the employee[s] [are] dismissed from the action and the United States is substituted as defendant. The case then falls under the governance of the Federal Tort Claims Act." Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 420 (1995); see Dkt. No. 10-2; see also 28 U.S.C. 2679(d). The FTCA similarly bars suits against federal agencies, such as the Department of Justice, which includes the

USAO, and provides an exclusive remedy against the United States. See 28 U.S.C. § 2679(a); Li v. Shelhamer, No. 10-CV-0801, 2012 WL 951550, at *3 (N.D.N.Y. Mar. 20, 2012) (Kahn, J.).

Plaintiff contends that his claims are not based on the FTCA. Dkt. No. 11 ("Response") at 4. If so, his claims are wholly barred by the United States's sovereign immunity. In an abundance of caution, however, the Court construes Plaintiff's claims as invoking the FTCA. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) (reciting obligation of district courts to construe *pro se* pleadings liberally). Accordingly, Defendants are dismissed from this action, and the United States is substituted as the sole Defendant herein. Because the FTCA does not waive sovereign immunity for libel or slander, see 28 U.S.C. 2680(h), Plaintiff's defamation claims are barred by the United States's sovereign immunity and are also dismissed.

Section 2675(a) of the FTCA states that an FTCA action "shall not be instituted" unless a claimant has "first presented the claim to the appropriate Federal agency" and received a final denial of that claim. See also 28 U.S.C. § 2401(b) (stating that an FTCA claim is "forever barred" unless presented in writing to the appropriate federal agency within two years of accrual). The requirement that a claimant exhaust administrative remedies is jurisdictional and cannot be waived. See McNeil v. United States, 508 U.S. 106, 111-13 (1993); Celestine v. Mt. Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005). Plaintiff has not alleged, and nothing in the record suggests, that he has fulfilled this requirement. See Compl.; Resp. See generally Dkt. Therefore, the Court lacks jurisdiction over the remainder of Plaintiff's claims, and Defendant's Motion to dismiss is granted. See FED. R. CIV. P. 12(b)(1). Moreover, because the deadline for Plaintiff to exhaust his administrative remedies and thereby cure the jurisdictional defect is long past, Plaintiff's Complaint is dismissed with prejudice as if on the merits. See, e.g., Murtaugh v. New York, 810 F. Supp. 2d

4

446, 487 (N.D.N.Y. 2011).

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 8) to remand is **DENIED**; and it is further

**ORDERED**, that Defendants Duncan, Benedict, and the USAO are **DISMISSED** from this action and the United States is substituted pursuant to the Federal Tort Claims Act; and it is further

**ORDERED**, that Defendant's Motion (Dkt. No. 10) to dismiss is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties.

**IT IS SO ORDERED.**

Dated: August 20, 2013
Albany, NY

Lawrence E. Kahn
U.S. District Judge